IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAPLE L. ROGERS, )
)
        Plaintiff, )
)
v. ) No. 04 C 7842
)
JO ANNE B. BARNHART, Commissioner )
of Social Security, )
)
        Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Maple Rogers' counsel's ("Counsel") motion for attorney's fees. For the reasons stated below, we grant in part and deny in part the motion for attorney's fees.

## BACKGROUND

Plaintiff Maple Rogers ("Rogers") filed the instant action on December 3, 2004, appealing the Social Security Administration's ("SSA") denial of Social Security Disability Insurance Benefits. On April 29, 2005, Rogers filed a motion for summary judgment, and on June 29, 2005, rather than responding to the motion

for summary judgment, the SSA filed a stipulated motion to remand this action to the SSA, stating that "[o]n remand, the [SSA] will issue a fully favorable decision finding the Plaintiff disabled . . . ." (Mot. Remand 1). On remand, Rogers was awarded $161,838.00 by the SSA in past-due benefits. On August 12, 2005, this court granted a stipulated motion to grant Rogers $4,100.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which was paid directly to Counsel. Counsel is now seeking $40,459.50 in additional attorney's fees under 42 U.S.C. § 406(b) ("Section 406(b)").

## LEGAL STANDARD

Under Section 406(b), "[w]henever a court renders a judgment favorable to a [Social Security] claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b). The United States Supreme Court has stated that while contingency agreements that provide for fees above 25 percent of a claimant's past benefits will never be allowed under Section 406(b), even "[w]ithin the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). If the court finds that "the benefits are large in comparison to the amount of time counsel

2

spent on the case, a downward adjustment is . . . in order." *Id.* at 808. In order to make this determination, the court may consider the hours that were spent representing the claimant in the district court and the counsel's "normal hourly billing charge for noncontingent-fee cases," as well as "the character of the representation and the results the representative achieved." *Id.*

## DISCUSSION

In the instant action, Counsel is seeking $40,459.50 in attorney's fees pursuant to his contingency fee agreement with Rogers, which set the attorney's fee percentage at 25 percent of any past-due benefits obtained for Rogers. Counsel claims that, up to the filing of the instant motion, attorneys from his firm spent a total of 15.85 hours on this case and paralegals or law clerks had spent a total of 22.75 hours. Counsel also claims to have spent ten additional hours preparing his reply brief to the instant motion, which brings the total time spent on this case by Counsel's firm to 48.60 hours. In light of the total amount requested and the hours worked by Counsel's firm, Counsel is seeking $832.50 per hour of work completed by both attorneys and non-lawyers, which is much more than the $152.50 per hour for attorney time and the $95.00 per hour for paralegal and law clerk time that Counsel indicates his law firm charges in non-contingency fee cases. (Mot. Ex. C, 2). An hourly rate of over five times the normal hourly rate for attorneys and over eight times the normal rate for paralegals and law clerks is excessive, especially in

3

light of the fact that Counsel admits that most of the work in the instant action was performed by non-attorneys. (Rep. 14); (Mot. Ex. C, 2). Such high multipliers are also excessive given that in fiscal year 2001, as Counsel states, over 63 percent "of all [SSA] cases filed in district court were reversed or remanded" to the SSA. (Rep. 10). While it is true that attorneys assume some risk when representing clients under contingency agreements, this risk is not sufficiently high to justify an award of attorney's fees that is between five and eight times Counsel's firm's normal hourly rates, considering that a clear majority of SSA appeals to district courts are resolved in favor of the plaintiffs.

The Seventh Circuit has held that district courts, in determining attorney's fees under Section 406(b), should also "make sure the attorney does not receive fees which are out of proportion to the services performed . . . ." *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989). In the instant action, Counsel states that he invested "a weeks worth of time" in representing Rogers before this court. (Rep. 12). However, the time log attached by Counsel to his motion for attorney's fees clearly shows that all of the attorneys combined spent a total of 15.85 hours on this case, which is much less than what most people would consider to be a full week of work. In addition, because the SSA filed a stipulation of remand rather than contesting Rogers' motion for summary judgment, Counsel was required to do much less work than is normally necessary to obtain a favorable result in a Social Security appeal.

In light of the above, we find that an award of $40,459.50 in attorney's fees, based on a 25 percent contingency fee rate, is unreasonable and excessive. *See Hodges-Williams v. Barnhart*, 400 F.Supp.2d 1093, 1099-100 (N.D. Ill. 2005)(stating in an SSA appeal that "allowing a fee of $26,699.75 for 26.50 hours does not seem reasonable"); *Hussar-Nelson v. Barnhart*, 2002 WL 31664488, at *4 (N.D. Ill. 2002)(granting attorney's fees of $19,425.25 for 53.9 hours of work in an SSA appeal case). Instead, we find that setting attorney's fees at a rate of 15 percent, for a total of $24,275.70, is reasonable. Accordingly, because Counsel has already received $4,100.00 under the EAJA, we award Counsel $20,175.70 in attorney's fees.

## CONCLUSION

Based on the foregoing analysis, we grant in part and deny in part Counsel's motion for attorney's fees, and award $20,175.70 in attorney's fees.

```
                                        _____
                                        Samuel Der-Yeghiayan
                                        United States District Court Judge
```

Dated: August 18, 2006